**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KIBYA DOUGLAS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-00440-SPM |
| | ) | |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON'S**
**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Lincoln Life Assurance Company of Boston ("Lincoln Life") files this, its Answer to Plaintiff's First Amended Complaint (the "Complaint") filed by Plaintiff Kibya Douglas ("Plaintiff"), and states as follows:

Lincoln Life admits that by this action, Plaintiff is seeking recovery of long-term disability ("LTD") benefits from an employee benefit plan as defined by Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), but Lincoln Life denies Plaintiff is entitled to any such relief or recovery. Lincoln Life denies all remaining allegations contained in the introductory Paragraph of the Complaint.

1. Lincoln Life admits that by this action, Plaintiff is seeking recovery of LTD benefits from an employee benefit plan as defined by ERISA, but Lincoln Life denies Plaintiff is entitled to any such relief or recovery. Lincoln Life admits Plaintiff's claims are governed by ERISA. Lincoln Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln Life admits the Court has jurisdiction over this action under ERISA. Lincoln Life specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln Life. Lincoln Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln Life admits that venue is proper in this District and Division. Lincoln Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

**Parties**

4. Lincoln Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln Life admits Plaintiff was, at certain times, employed by Wal-Mart Stores, Inc. ("Walmart"). Lincoln Life admits that Plaintiff was, at certain times, a participant in the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (the "Plan") sponsored by Walmart and that such welfare plan is an employee benefit plan as defined by ERISA. Lincoln Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln Life admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Plan under the Policy. Lincoln Life specifically denies that it was the Plan Administrator of the Plan, and Lincoln Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln Life admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Plan under the Policy. Lincoln Life specifically denies that it was the Plan Administrator of the Plan. Lincoln Life admits it issued Group Disability Income Policy No. GD/GF3-850-290765-01 (the "Policy") to Walmart, which Policy, at certain times,

insured certain benefits paid by the Plan. To the extent that the allegations contained in Paragraph 6 of the Complaint contain legal conclusions, Lincoln Life is not required to respond. To the extent a response is required, Lincoln Life denies Plaintiff is entitled to any remedy or relief against Lincoln Life whatsoever. Lincoln Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln Life admits the allegations contained in Paragraph 7 of the Complaint.

8. Lincoln Life admits the governing jurisdiction of the Policy is Arkansas. To the extent that the allegations contained in Paragraph 8 seek to interpret the provisions of the Policy, Lincoln Life refers to the Policy as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln Life admits the governing jurisdiction of the Policy is Arkansas. To the extent that the allegations contained in Paragraph 9 seek to interpret the provisions of the Policy, Lincoln Life refers to the Policy as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln Life admits the governing jurisdiction of the Policy is Arkansas. To the extent that the allegations contained in Paragraph 10 constitute legal conclusions, Lincoln Life is not required to answer such allegations. Lincoln Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln Life denies the allegations contained in Paragraph 11 of the Complaint

## Count I
## Denial of Benefits Pursuant to 29 U.S.C. §1132(a)(1)(b)

12. Lincoln Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Lincoln Life refers to the Policy itself as the best evidence of its contents.

Lincoln Life admits Plaintiff's last day of work at Walmart was April 17, 2017. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan was determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan was determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan was determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln Life admits Plaintiff was, at certain times, employed by Walmart and was, at certain times, a participant in the Plan. To the extent that the allegations contained in Paragraph 15 seek to interpret the provisions of the Policy, Lincoln Life refers to the Policy as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln Life admits that Plaintiff submitted a claim for LTD benefits from the Plan. Lincoln Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln Life admits it sent a letter to Plaintiff dated December 6, 2017, but Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln Life admits it sent a letter to Plaintiff dated December 6, 2017, but Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. To the extent that the allegations contained in Paragraph 19 seek to interpret the provisions of the Policy, Lincoln Life refers to the Policy as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln Life admits it received an appeal of the denial of Plaintiff's claim for further benefits from the Plan under the Policy. Lincoln Life admits Plaintiff received, at certain times, benefits from the Plan under the Policy. Lincoln Life admits it sent a letter to Plaintiff dated December 6, 2017, and a letter to Plaintiff's counsel dated August 28, 2018, but Lincoln Life refers to the letters themselves as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln Life admits Plaintiff received, at certain times, benefits from the Plan under the Policy. Lincoln Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln Life admits it sent letters to Plaintiff's counsel dated April 17, 2019 and December 14, 2019, but Lincoln Life refers to the letters themselves as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln Life admits it received an appeal of the denial of Plaintiff's claim for further benefits from the Plan under the Policy, along with additional documentation, which is contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln Life admits it received an appeal of the denial of Plaintiff's claim for further benefits from the Plan under the Policy, along with additional documentation, which is contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan was determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan was determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan was determined, and Lincoln Life refers to these

documents themselves as the best evidence of the contents.  Lincoln Life denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan was determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents.  Lincoln Life denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln Life admits it sent a letter to Plaintiff's counsel dated December 14, 2019, but Lincoln Life refers to the letter itself as the best evidence of its contents.  Lincoln Life denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan was determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents.  Lincoln Life denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln Life denies the allegations contained in Paragraph 30 of the Complaint.

31. Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of LTD benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B).  Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the

administrative review process. Lincoln Life denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln Life denies the allegations contained in Paragraph 32 of the Complaint.

33. Lincoln Life denies the allegations contained in Paragraph 33 of the Complaint and denies Plaintiff is entitled to the relief requested in the WHEREFORE Paragraph thereafter.

**Count II**
**Breach of Fiduciary Duty Pursuant to 29 U.S.C. §1132(A)(3)**

34. Lincoln Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 33 of the Complaint as though fully set forth in response to Paragraph 34 of the Complaint.

35. To the extent that the allegations contained in Paragraph 35 constitute legal conclusions, Lincoln Life is not required to answer such allegations. To the extent a response is required, Lincoln Life denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln Life admits it issued the Policy to Walmart, which Policy, at certain times, insured certain benefits paid by the Plan. Lincoln Life denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. To the extent that the allegations contained in Paragraph 37 constitute legal conclusions, Lincoln Life is not required to answer such allegations. Lincoln Life denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln Life denies the allegations contained in Paragraph 38 of the Complaint.

39. Lincoln Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan under the Policy, and the Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln Life denies the allegations contained in Paragraph 40 of the Complaint.

41. Lincoln Life denies the allegations contained in Paragraph 41 of the Complaint.

42. Lincoln Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan under the Policy, and the Lincoln Life refer to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln Life denies the allegations contained in Paragraph 43 of the Complaint.

44. Lincoln Life denies the allegations contained in Paragraph 44 of the Complaint.

45. Lincoln Life denies the allegations contained in Paragraph 45 of the Complaint.

46. Lincoln Life denies the allegations contained in Paragraph 46 of the Complaint.

47. Lincoln Life admits it issued the Policy to Walmart, which Policy, at certain times, insured certain benefits paid by the Plan. Lincoln Life denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln Life denies the allegations contained in Paragraph 48 of the Complaint.

49. Lincoln Life denies the allegations contained in Paragraph 49 of the Complaint.

50. Lincoln Life denies the allegations contained in Paragraph 50 of the Complaint.

51. Lincoln Life denies the allegations contained in Paragraph 51 of the Complaint and denies Plaintiff is entitled to the relief requested in the WHEREFORE Paragraph thereafter.

Lincoln Life denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claim for breach of fiduciary duty against Lincoln Life fails as a matter of law due to the availability of a claim for recovery of benefits under ERISA.

3. The damages, if any, claimed by Plaintiff are limited to those available under ERISA.

4. Lincoln Life denies that it is liable for a claim against the Plan for which neither the Plan nor Walmart acquired insurance.

5. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for LTD benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

6. Plaintiff's recovery of benefits, if any, from Lincoln Life is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which requires offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

7. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

8. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

9. Lincoln Life reserves the right to assert additional defenses.

## PRAYER

WHEREFORE, having fully answered Plaintiff's Complaint, Lincoln Life moves this Court to dismiss Plaintiff's Complaint with prejudice, award its costs and fees expended herein and for such other and further relief as the Court deems proper.

Respectfully submitted,

By: */s/ Iwana Rademaekers*

Iwana Rademaekers (Texas Bar No. 16452560)
(*Admitted Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 8th day of July 2020 to be served by operation of the Court's electronic filing system upon the following:

Matthew R. Davis, #MO58205
Email: matt@gallagherdavis.com

Adam J. Olszeski, #MO66126
Email: adam@gallagherdavis.com

*Attorneys for Plaintiff*

/s/ *Iwana Rademaekers*
Iwana Rademaekers