IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| KIBYA DOUGLAS,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN LIFE ASSURANCE<br>COMPANY OF BOSTON<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 4:20-cv-00440-SPM |

**JOINT PROPOSED SCHEDULING PLAN**

COME NOW Plaintiff Kibya Douglas and Defendant Liberty Life Assurance Company of Boston pursuant to the Court's Order of **June 29, 2020**, and hereby submit the following Joint Proposed Scheduling Plan in advance of the scheduling conference set in this matter on **August 4, 2020.**

**a.** This case is properly assigned to Track 2.

**b.** Motions to add additional parties and to amend the pleadings shall be accomplished by **August 14, 2020**.

**c.** **Discovery:** Plaintiff believes the appropriate standard of review in this matter is *de novo* pursuant to the United States Supreme Court's ruling in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), as the Employee Benefit Plan at issue is governed by Arkansas law, which has banned discretionary clauses in Insurance contracts. *See Ark. Admin. Code 054.00.101*. As such, Plaintiff is entitled to discovery pertaining to the appropriate standard of review, Defendant's conflict of interest, Ms. Douglas' disabilities, and procedural irregularities. It is Defendant's position that in this ERISA-governed action, discovery on the claim

for benefits is limited to the production of the administrative record, including applicable Plan Documents, and that after the administrative record, including Plan Documents, has been produced to Plaintiff's counsel, this matter will be ripe for motions for summary judgment or motions for judgment on the administrative record. Without in any way waiving its position, or the applicability of Fed.R.Civ.P. 26(a)(1)(B)(i) to the instant case, which Defendant believes will be decided based on review of the administrative record, Defendant joins Plaintiff in proposing the deadlines set forth below, including discovery deadlines, in the event any discovery is permitted over defendant's objections. To the extent that discovery is permitted by the Court, the parties propose the following:

i. Disclosures pursuant to Rule 26(a)(1), Fed. R.Civ.P., shall be made no later than **August 3, 2020**. Defendant shall produce a complete copy of the administrative record to plaintiffs on or before **August 3, 2020**.

ii. Plaintiff may file a Motion for Limited Discovery by **August 31, 2020**, to which Defendant may file its Response by **September 21, 2020**, and Plaintiff may file a Reply by **October 5, 2020**.

iii. Parties do not anticipate any expert witnesses in this ERISA case.

iv. The presumptive limits of **ten** (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed.R.Civ.P. and **twenty-five** (25) interrogatories per side as set forth in Rule 33(a), Fed.R.Civ.P. shall apply in this case. It is Defendant's position that discovery is limited to production of the administrative record, including applicable Plan Documents.

v. Physical or mental examinations of the parties are not applicable in this case.

vi. Any discovery shall be completed on or before **December 31, 2020**.

vii. At this time, there are no agreed upon provisions for disclosure or discovery of electronically stored information. It is Defendant's position that discovery is limited to production, in pdf format, of the administrative record, which includes printed copies of electronically stored documents, as well as applicable Plan Documents.

viii. The parties agree that any material inadvertently produced or disclosed, to which a party claims a privilege within 30 days after the inadvertent production or disclosure, will be returned upon written request for return and the parties' agreement regarding the protected nature of the documents. If the parties do not reach agreement, the party claiming the privilege shall seek protection from the Court within ten days of written notice from that party opposing the claim of privilege. The parties request that this provision be included in the Case Management Order.

**d.** All parties are amenable to Alternative Dispute Resolution in the form of mediation and believe referral to mediation would be most productive **November 1, 2020**.

**e.** The deadline to submit dispositive Motions is **March 1, 2021**. Responses to motions for summary judgment shall be filed no later than **March 29, 2021.** Replies in support of motions for summary judgment shall be filed no later than **April 12, 2021.**

**f.** To the extent this matter or any issues need to be tried, it should be ready for trial to the Court by **July 30, 2021.**

**g.** Trial, if any, in this matter should take no longer than two days.

Respectfully submitted,

**GALLAGHER DAVIS, L.L.P.**

By: ***/s/ Adam J. Olszeski***

Matthew R. Davis, #MO58205
Adam J. Olszeski, #MO66126
2333 South Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax: (314) 725-0101
matt@gallagherdavis.com
adam@gallagherdavis.com

*Attorneys for Plaintiff*

Law Offices of Iwana Rademaekers

By: ***/s/ Iwana M. Rademaekers***

Iwana M. Rademaekers, 16452560
Law Offices of Iwana Rademaekers
14785 Preston Road, Suite 550
Dallas, Texas 75254
PH: (214) 579-9319
Email: iwana@rademaekerslaw.com

Attorneys for Defendant