IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| KIBYA DOUGLAS,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON<br><br>Defendant. | ) | Case No.: 4:20-cv-00440-SPM |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR DISCOVERY**

COMES NOW Plaintiff Kibya Douglas, by and through undersigned counsel, and for her Memorandum in Support of her Motion for Discovery states as follows:

## Introduction

This is a claim against Lincoln Life Assurance Company of Boston (hereinafter "Lincoln") for the wrongful denial of a long-term disability benefits available to Plaintiff through an employee welfare benefit plan for certain employees of Wal-Mart (hereinafter the "Plan"). The Plan is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002.

In the proposed scheduling plan, the parties identified that they did not agree on the scope of discovery permitted under ERISA as it applies to the facts in this case and the Court instructed Plaintiff to file a Motion for Discovery.

## Facts

In 2017 Ms. Douglas suffered a stroke that caused deficits in higher order cognition, cognitive flexibility, and mild psychomotor deficits.

On April 18, 2017 Ms. Douglas applied for and – after first being denied by Lincoln – was awarded long-term disability benefits under the Plan. Admin. Rec. [Lincoln/Douglas2200] On April 16, 2018 Lincoln ceased payment of those LTD benefits alleging that Ms. Douglas no longer met the definition of Disability. Admin. Rec. [Lincoln/Douglas0083-87]

Lincoln's determination to deny further benefits came after paying eighteen months of benefits. For the first twenty-four months the Plan defines "disability" or disabled" as:

> For persons other than truck drivers, pilots, co-pilots, and crew members of an aircraft: I that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and substantial Duties of his OWN Occupation.

Admin. Rec. [Lincoln/Douglas0014]. Where the Plan defines "own occupation" as:

> the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Liberty will consider the Covered Person's occupation as it is performed at Wal-Mart Stores, Inc.

Admin. Rec. [Lincoln/Douglas0014]. Lincoln's discontinuation of benefits necessarily means that Lincoln believed that Ms. Douglas was no longer disabled from her own occupation. Ms. Douglas appealed Lincoln's decision.

At the time she became disabled, Ms. Douglas was employed as an Assistant Manager, which Lincoln has identified as a medium duty job. Admin. Rec. [Lincoln/Douglas0063].

During the review/appeal process Ms. Douglas' medical records were reviewed by Lincoln employee Caleab Spencer, who held the position of Appeals Nurse Disability Consultant. Admin. Rec. [Lincoln/Douglas 0090]. Mr. Spencer found that "given [Ms. Douglas'] stroke and comorbid conditions the [Ms. Douglas] would most likely not have sustainable capacity for medium level tasks. [*Id.*] In short, it was Mr. Spencer's opinion that Ms. Douglas could not perform her job.

Regardless of this determination, Lincoln maintained its denial of benefits. Admin. Rec. [Lincoln/Douglas0083-87].

## <u>Argument</u>

Ms. Douglas is pursuing two alternative theories of recovery. [See Doc. #1 – Complaint] Count I is brought pursuant to § 1132(a)(1)(b) for recovery of wrongfully denied benefits and Count II alleges a breach of fiduciary duty stemming from a faulty process under §1132(a)(3). [*Id.*] Ms. Douglas is entitled to discovery on both Counts as: (1) this matter is to be reviewed under the *de novo* standard and there is good cause for discovery beyond the administrative record; and (2) discovery is necessary in all claims brought under §1132(a)(3).

### I. Discovery Is Permissible In This Matter Because The Standard Of Review Is De Novo And There Is Good Cause

#### *1. <u>The Standard Of Review In This Matter Is De Novo.</u>*

The United States Supreme Court has established that a denial of benefits challenged under ERISA is to be reviewed under a *de novo* standard <u>unless</u> the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 488 U.S. 101 (1989).

The standard of review in this matter is *de novo* because Arkansas law – which governs the Plan – bans discretionary provisions in insurance documents.

##### a. *Arkansas State Law Governs the Plan*

The Plan unequivocally states that it is subject to the laws of Arkansas. Admin. Rec. [Lincoln/Douglas0003]. Where an ERISA contract includes a choice-of-law provision "it should be followed, if not unreasonable or unfair." *Brake v. Hutchinson Tech. Inc. Group Disability Income Ins. Plan*, 774 F.3d 1193,1197 (8th Cir. 2014).

Here, there is nothing unreasonable or unfair about enforcing the Plan's Arkansas choice-of-law provisions, as the policy was written for an Arkansas corporation and was issued in Arkansas. Admin. Rec. [Lincoln/Douglas0001-03]. See *Brake*, 774 F.3d at 1197 (finding that a Minnesota choice-of-law provision was reasonable when the policy containing the provision was written for a Minnesota Company and delivered in Minnesota); and *Hamilton v. Standard Ins. Co.*, 516 F.3d 1069, 1073 (8th Cir. 2008) (finding that a group ERISA policy is issued to the employer not the individual employee).

The Plan is subject to the laws and regulations of Arkansas that govern the regulation of Insurance policies. *Ky. Ass'n of Health Plans v. Miller*, 538 U.S. 329, 333-34 (US 2003) (finding that § 144(b)(2)(A) of ERISA does not preempt state laws that "regulate insurance"); *Brake*, 774 F.3d at 1197 (stating that "although ERISA preemption is generally broad, state statues or regulations that regulate insurance are "saved" from preemption under 29 U.S.C. §1144(b)(2)(A)).

b. *Arkansas Law Bans Discretionary Clauses*

Arkansas specifically prohibits any insurance contract and disability income policy from containing a "provision purporting to reserve discretion to… interpret the terms of the contract, or to provide standards of interpretation or review." Ark. Code Ann. §23- 61-108, Ark. Code Ann. § 23-66-207, Ark. Code Ann. § 25-15-204, and Ark. Code. Ann. 054.00.101-7. Intrinsically, Arkansas has barred "the inclusion of discretionary clauses in disability policies so that under *Firestone*, the Court reviewing a challenge to an administrator's decision <u>must</u> use a *de novo* standard." *Davis v. Unum Life Ins. Co. of Am.*, 2016 U.S. Dist. LEXIS 36811, *9-10 (E.D. Ark. March 22, 2016).

Because Arkansas law governs the policy and prohibits discretionary clauses, Lincoln's denial must be reviewed under a *de novo* standard. See *Donatelli v. Home Ins. Co.*, 992 F.2d 763,

765 (8th Cir. 1993) (holding *de novo* review is proper due to a lack of a discretionary clause); and *Barham v. Reliance Std. Life Ins. Co.*,441 F.3d 581, 584 (8th Cir. 2006) (holding that a lack of a discretionary clause requires the trial court to utilize a *de novo* standard when reviewing a denial of benefits).

2. *Discovery is Permitted Under De Novo Review when Good Cause is Shown*

When reviewing an ERISA benefit denial under a *de novo* standard the Court may permit limited discovery upon a showing of good cause. See *Carr v. Anheuser-Busch Cos.*, 495 Fed.Appx. 757, 765 (8th Cir. 2012) (discovery is permitted when a denial of benefits is under *de novo* review and good cause is shown); *Weber v. St. louis Univ.*, 6 F.3d 558, 560 (8th Cir. 1993) (finding *de novo* review gave the trial court discretion to decide whether to receive evidence in addition to that presented to the plan administrator and that the trial court breached that discretion by not permitting discovery); *Donatelli* 992 F.2d at 765 (8th Cir. 1993) (holding that when *de novo* review is proper due to a lack of a discretionary clause, discovery is permitted when there is good cause).

Good Cause for discovery exists when there is a palpable conflict of interest apparent from the administrative record. *Farley v. Ark. Blue Cross & Blue Shield*, 147 F.3d 774, 776 (8th Cir. 1998). When the same entity determines eligibility for plan benefits and then pays those benefits out of its own pocket there is a conflict of interest. *Metro. Life. Ins. Co. v. Glenn*, 554 U.S. 105, 108 (US). That conflict is heightened when a denial decision is based upon the wrong decision making of an employee of the entity. See *Whipple v. Unum Group Corp.*, 2012 U.S. Dist. LEXIS. 22151, *5 (South Dakota Feb. 22, 2012).

Here, Lincoln heavily relied upon the opinion of its Disability Nurse Case Manager – an employee of Lincoln. As stated above, the disability nurse case manager found that Ms. Douglas

had physical and mental restrictions and limitations that prevented her from performing a medium duty job. Admin. Rec. [Lincoln/Douglas0090]. In short, an employee of Lincoln found that Ms. Douglas could not perform and the material functions of her job and thus met the Plan's definition of disabled during the own occupation period.

In direct contradiction to that finding – while somehow citing to the same – another employee of Lincoln denied Ms. Douglas' benefits. This denial is inexplicable and not supported by Lincoln's own finding regarding Ms. Douglas' physical capabilities. The final decision can only be described as "wrong decision making" as it is in direct contradiction to the evidence in the claim file.

## II. Discovery Is Permitted In All Claims Brought Under §1132(a)(3)

Claims brought for breach of an administrator's fiduciary duties under § 1132(a)(3) require discovery to explore the nature and extent of the purported conflict or irregularity that form the basis of the administrator's fiduciary duties. *Friemon v. Nat'l Carriers' Conf. Comm.*, 2018 U.S. Dist. LEXIS 199142, *3 (E.D. Mo. Ct. November 26, 2018) (citing *Kostecki v. Prudential Ins. Co. of Am.*, 4:14-CV-695 JCH LEXIS 144297 (E.D. Mo. Ct. Oct. 10, 2014)). Because discovery is necessary in <u>all</u> §1132(a)(3) claims, the only limitation on discovery are those contained in the Federal Rules of Civil procedure. *Kostecki*, at *4.

Plaintiff is entitled to discovery in pursuing her (a)(3) claim in order to demonstrate conflicts of interest and procedural irregularities. *Friemon v. Nat'l Carriers' Conf. Comm.*, 2018 U.S. Dist. LEXIS 199142, *3 (E.D. Mo. Ct. November 26, 2018).

In the ERISA context a procedural irregularity has been defined as an instance where a claims administrator fails to use judgment and his or her decision is unreasonable. *Weidner v. Federal Express Corporation*, 492 F.3d 925, 928 (8th Cir. 2007). An administrator's decision will

be considered reasonable if "a reasonable person could have reached a similar decision, given the evidence before him, not that a reasonable person could have reached that decision." *Buzzanga v. Life Ins. Co. of N. Am.*, 4:19-CV-1353 CEJ LEXIS136878 (E.D. Mo. Ct. Dec. 28, 2010).

Here, the decision to deny Ms. Douglas' benefit appears to have been the product of an arbitrary decision that was made without reflection or judgment (see *Buzzanga v. Life Ins. Co. of N. Am.*, 4:19-CV-1353 CEJ LEXIS136878 (E.D. Mo. Ct. Dec. 28, 2010)) as one Lincoln employee found that Ms. Douglas could not perform the material elements of her medium duty job, while a second Lincoln employee – by citing the first's findings – denied Ms. Douglas benefits because Ms. Douglas could perform her medium duty job. This outcome is directly opposed to the information that it is based upon and therefor logically flawed. No reasonable person could reach the determination to deny benefits by relying on the opinion of the first employee.

Because there is a blatant procedural irregularity in the process of reviewing Ms. Douglas' claim discovery is appropriate to investigate the same.

## Discovery Sought

Plaintiff would like to conduct written discovery directed to Lincoln regarding its claim review processes, including, but not limited to, the policies and standards in place for its reviewers and what weight is to be given to evidence.

Plaintiff would like to conduct the deposition (not to take longer than one hour) of Lincoln employee Caleab Spencer BSN, RN-BC CV, CCM, the Nurse Disability Consultant who reviewed Ms. Douglas' claim to determine how he determined the restrictions and limitations that Ms. Douglas experiences.

Plaintiff would like to conduct the deposition (not to take longer than one hour) of Lincoln employee Kimberly Murray, or the employee that made the ultimate benefit determination on Ms.

Douglas' claim, regarding how she determined that Ms. Douglas was not disabled from her own occupation by citing to the opinion of Mr. Spencer, which said she was disabled.

**Conclusion**

Plaintiff is entitled to discovery, because this matter is to be reviewed under a *de novo* standard and there is good cause due to the lack of necessary information in the administrative record and the conflict of interest demonstrated by the employees of Lincoln. Also, discovery is necessary in all §1132(a)(3) claims.

Respectfully submitted,

**GALLAGHER DAVIS, L.L.P.**

*/s/ Adam J. Olszeski*
Matthew R. Davis, #MO58205
Adam J. Olszeski, #MO66126
2333 S. Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax: (314) 725-0101
matt@gallagherdavis.com
adam@gallagherdavis.com

*Attorneys for Plaintiff*
*Kibya Douglas*